SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------x

ELIJAH RODRIGUEZ, an infant under the age of
Eighteen, by his father and natural guardian,
ARISTEDES RODRIGUEZ, and ARISTEDES
RODRIGUEZ, Individually,

                              Plaintiffs,

              - against -

ROYAL CONSUMER INFORMATION
PRODUCTS, INC.,

                              Defendant.

-----------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**
**Basis of Venue:**
Plaintiffs' Residence and
Place of Occurrence

**Plaintiffs' Residence and
Place of Occurrence:**
2477 Grand Avenue, Apt. 3E
Bronx, New York 10468

**COUNTY OF BRONX**

To the above-named Defendant:

        **YOU ARE HEREBY SUMMONED** to answer the verified complaint in this action
by serving a verified answer upon the undersigned within twenty (20) days after the service of this
summons, exclusive of the day of service, or within thirty (30) days after service is complete if this
summons is not personally delivered to you within the State of New York.

        **PLEASE TAKE FURTHER NOTICE** that in case of Defendant's failure to answer,
judgment will be taken against you, jointly and severally, by default for the relief demanded in the
verified complaint.

Dated: New York, New York
        February 13, 2007

                              Yours, etc.,

                              LAW OFFICE OF RICHARD M. KENNY

                              By:

                                    Daniel M. Braude
                              Attorneys for Plaintiffs
                              777 Third Avenue – 35th Floor
                              New York, New York 10017
                              (212) 421-0300

TO:    Royal Consumer Information Products, Inc.
        c/o C T Corporation System
        111 Eighth Avenue
        New York, New York 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------x
ELIJAH RODRIGUEZ, an infant under the age of
Eighteen, by his father and natural guardian,
ARISTEDES RODRIGUEZ, and ARISTEDES
RODRIGUEZ, Individually,

        Index No.:

        VERIFIED
        __COMPLAINT__

             Plaintiffs,

        - against -

ROYAL CONSUMER INFORMATION
PRODUCTS, INC.,

             Defendant.
-----------------------------------------------------------X

Plaintiffs, by their attorneys, THE LAW OFFICE OF RICHARD M. KENNY, complaining of the defendants, respectfully allege the following upon information and belief:

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE INFANT PLAINTIFF, ELIJAH RODRIGUEZ

1.    That at all times hereinafter mentioned, the infant plaintiff, ELIJAH RODRIGUEZ, was and still is a resident of the County of Bronx, City and State of New York.

2.    That at all times hereinafter mentioned, the plaintiff, ARISTEDES RODRIGUEZ, was and still is a resident of the County of Bronx, City and State of New York.

3.    That upon information and belief, at all times hereinafter mentioned, the defendant, ROYAL CONSUMER INFORMATION PRODUCTS, INC. (hereinafter referred to as "ROYAL CONSUMER"), was and still is a foreign corporation doing business within the State of New York.

4.    That upon information and belief, at all times hereinafter mentioned, the defendant, ROYAL CONSUMER, was a foreign business entity doing business in the State of New York.

5.    That upon information and belief, at all times hereinafter mentioned, the defendant, ROYAL CONSUMER, derives substantial revenue from goods or services sold or provided in New York State.

6.    That upon information and belief, at all times hereinafter mentioned, the defendant, ROYAL CONSUMER, regularly does business in New York State.

7.    That upon information and belief, at all times hereinafter mentioned, the defendant, ROYAL CONSUMER, regularly solicits business in New York State.

8.    That upon information and belief, at all times hereinafter mentioned, the defendant, ROYAL CONSUMER, engages in a persistent course of conduct in New York State.

9.    That on or about July 10, 2005, the plaintiff, ARISTEDES RODRIGUEZ, was in the lawful possession of a cross cut shredder (hereinafter referred to as "the product").

10.    That upon information and belief, at all times hereinafter mentioned, the defendant, ROYAL CONSUMER, designed, manufactured, constructed, assembled, sold and serviced the aforesaid product.

11.    That on or about July 10, 2005, the infant plaintiff, ELIJAH RODRIGUEZ, was at his home in the County of Bronx, State of New York when he was injured by the product.

12.    That the defendant, ROYAL CONSUMER, was negligent in their design, manufacture, construction, assembly, sale and servicing of the aforesaid product.

13.    That the said occurrence and the injuries resulting therefrom were caused by reason of the negligence of the defendant in the design, manufacturing, construction, assembly, sale, ownership, operation, maintenance, control and servicing of the aforesaid product.

14.    That the limitations on liability set forth in CPLR Section 1601 do not apply to the plaintiffs' causes of action by reason of one or more of the exemptions contained in CPLR Section 1602.

15. That by reason of the foregoing, the infant plaintiff, ELIJAH RODRIGUEZ, sustained grievous injuries to his upper right extremity; suffered and will continue to suffer great pain and anguish in body and mind; received necessary hospital care and attention by reason of his injuries; that he has necessarily received, is receiving and will continue to receive necessary medical care by reason of the injuries sustained by him and in connection with which expenses have, are and will continue to be incurred; that he has been greatly incapacitated and had been unable to participate in his usual activities that he had theretofore done, and his injuries are permanent, protracted, and disabling.

16. That by reason of the foregoing, the infant plaintiff, ELIJAH RODRIGUEZ, has been damaged in an amount in excess of the jurisdictional limits of all lower courts wherein this action may otherwise have been brought.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE INFANT PLAINTIFF, ELIJAH RODRIGUEZ

17. The plaintiffs repeat, reiterate, and reallege each and every allegation in the First Cause of Action with the same force and effect as if more fully set forth herein.

18. The defendant, in connection with its business and activities aforementioned, warranted and represented, expressly and impliedly that the product was fit for the use for which it was intended, was safe for use and was of merchantable quality.

19. The plaintiff placed reliance upon the skill and judgment of the defendant with respect to the product which the defendant caused to exist.

20. Said representations and warranties aforementioned were false, misleading and inaccurate in that said product was and proved to be unsound and unsuitable for the purposes for which it was intended, that it was unsafe, dangerous and not of merchantable quality.

21.    That by reason of the foregoing, the infant plaintiff, ELIJAH RODRIGUEZ, has been damaged in an amount in excess of the jurisdictional limits of all lower courts wherein this action may otherwise have been brought.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE INFANT PLAINTIFF, ELIJAH RODRIGUEZ

22.    The plaintiffs repeat, reiterate, and reallege each and every allegation in the First Cause of Action and the Second Cause of Action with the same force and effect as if more fully set forth herein.

23.    At the time of its design, manufacture, construction, assembly, and/or sale, the product was in a defective condition which was dangerous to the general public and, in particular, to the infant plaintiff, ELIJAH RODRIGUEZ.

24.    On July 10, 2005, the aforesaid product was defective and/or not reasonably safe.

25.    At the time of its original sale, the product was defective and/or not reasonably safe.

26.    At the time of the occurrence, the product was being used for its intended and normal purpose.

27.    The plaintiff, ARISTEDES RODRIGUEZ, could not, by the exercise of reasonable care, have discovered the defects nor perceived their dangers.

28.    The infant plaintiff, ELIJAH RODRIGUEZ, could not, by the exercise of reasonable care, have discovered the defects nor perceived their dangers.

29.    The defendant failed to warn potential users of the aforementioned product of the dangers which existed.

30.    The infant plaintiff, ELIJAH RODRIGUEZ, could not have otherwise avoided his injuries.

31. As a result of the aforesaid occurrence, the infant plaintiff, ELIJAH RODRIGUEZ, sustained grievous personal injuries and attendant damages.

32. The defendant has become strictly liable in tort to the plaintiffs for the design, manufacture, construction, assembly and/or sale of a defective product which caused the injuries complained of herein.

33. That by reason of the foregoing, the infant plaintiff, ELIJAH RODRIGUEZ, has been damaged in an amount in excess of the jurisdictional limits of all lower courts wherein this action may otherwise have been brought.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, ARISTEDES RODRIGUEZ

34. The plaintiffs repeat, reiterate, and reallege each and every allegation in the First Cause of Action, the Second Cause of Action, and the Third Cause of Action with the same force and effect as if more fully set forth herein.

35. That at all times hereinafter mentioned, the plaintiff, ARISTEDES RODRIGUEZ, was and is the father and natural guardian of the infant plaintiff, ELIJAH RODRIGUEZ, and as such, was and is entitled to his services.

36. That as a result of the foregoing occurrence and the resulting injuries to his son, ELIJAH RODRIGUEZ, the plaintiff, ARISTEDES RODRIGUEZ, has been deprived of the services of his son, the infant plaintiff, ELIJAH RODRIGUEZ, and has been forced to incur medical expenses in connection with the injuries sustained by his son.

37. That the aforesaid occurrence and damages sustained by the plaintiff, ARISTEDES RODRIGUEZ, were caused wholly by the negligence of the defendant, ROYAL CONSUMER, in the design, manufacturing, construction, assembly, sale, ownership, operation, maintenance, control and servicing of the aforesaid product.

38.    That by reason of the foregoing, the plaintiff, ARISTEDES RODORIGUEZ, has been damaged in an amount in excess of the jurisdictional limits of all lower courts wherein this action may otherwise have been brought.

**WHEREFORE**, the plaintiffs demand judgment against the defendant in an amount in excess of the jurisdictional limits of all lower Courts in which this action may otherwise have been brought on the First Cause of Action, in an amount in excess of the jurisdictional limits of all lower Courts in which this action may otherwise have been brought on the Second Cause of Action, in an amount in excess of the jurisdictional limits of all lower Courts in which this action may otherwise have been brought on the Third Cause of Action, and in an amount in excess of the jurisdictional limits of all lower Courts in which this action may otherwise have been brought on the Fourth Cause of Action, together with interest, costs and disbursements of this action.

Yours, etc.,

LAW OFFICE OF RICHARD M. KENNY

By: _____

Daniel M. Braude
Attorneys for Plaintiffs
Office and P.O. Address
777 Third Avenue - 35th Floor
New York, New York 10017
(212) 421-0300

Rodriguez, Elijah/Complaint (Rodriguez, Elijah)

**VERIFICATION**

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

DANIEL M. BRAUDE, being duly sworn, deposes and says:

That he is the attorney for the plaintiffs in the above entitled action with offices located at 777 Third Avenue – 35th Floor, County of New York, State of New York; that he has read the foregoing:

**SUMMONS and VERIFIED COMPLAINT**

and knows the contents thereof; that the same is true to his knowledge, except as to the matters stated to be alleged upon information and belief, and that as to those matters he believes them to be true.

That the reason why this verification is made by deponent instead of the plaintiff is because the plaintiff is not within the County of New York, which is the county where deponent has his office. Deponent further says that the grounds of his belief as to all matters in the complaint not stated to be upon his knowledge are based upon the communications, papers, reports, and investigations contained in the file.

DANIEL M. BRAUDE

SUPREME COURT STATE OF NEW YORK:   COUNTY OF BRONX

ELIJAH RODRIGUEZ, an infant under the
age of Eighteen, by his father and
natural guardian, ARISTEDES RODRIGUEZ,
and ARISTEDES RODRIGUEZ, Individually,

                              Plaintiffs,

        -against-

ROYAL CONSUMER INFORMATION PRODUCTS, INC.,

                              Defendant.


            SUMMONS AND VERIFIED COMPLAINT



                    LAW OFFICE OF

              RICHARD M. KENNY

                    Attorneys for
              777 Third Avenue - 35th Floor
              New York, New York 10017
                    (212) 421-0300

**CT CORPORATION**
A Wolters Kluwer Company

**Service of Process
Transmittal**
04/03/2007
Log Number 512099048

**TO:** Steven Offen, Attorney
Norris McLaughlin & Marcus, P.A.
721 Route 202-206
Bridgewater, NJ, 08807

**RE:** Process Served in New York

**FOR:** Royal Consumer Information Products, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Elijah Rodriguez, an infant under the age of Eighteen, by his father and natural guardian, Aristedes Rodriguez and Anatedes Rodriguez, individually, Pltf. vs. Royal Consumer Information Products, Inc. Dft.

**DOCUMENT(S) SERVED:** Summons, Verified Complaint, Verification

**COURT/AGENCY:** Bronx County: Supreme Court, NY
Case # 8742-07

**NATURE OF ACTION:** Product Liability Litigation - Manufacturing Defect - Personal Injury - Pltf. was in lawful possession of a cross cut shredder, designed, manufactured, constructed, assembled, sold and serviced by the negligence of Dft.

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, New York, NY

**DATE AND HOUR OF SERVICE:** By Process Server on 04/03/2007 at 10:45

**APPEARANCE OR ANSWER DUE:** Within 20 days after the service, exclusive of the date of service

**ATTORNEY(S) / SENDER(S):** Daniel M. Braude
Law Office of Richard M. Kenny
777 Third Avenue - 35th Floor
New York, NY, 10017
212-421-0300

**ACTION ITEMS:** SOP Papers with Transmittal, via Fed Ex 2 Day, 790216825707

**SIGNED:** C T Corporation System
**PER:** Christopher Tilton
**ADDRESS:** 111 Eighth Avenue
New York, NY, 10011
**TELEPHONE:** 212-894-8940

Page 1 of 1 / AP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.